UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| FLOYD DEWAINE SCOTT, | ) | Case No. CV 17-8239-JVS(AJW) |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | DISMISSING PETITION |
| DEBBIE ASUNCION, Warden, | ) | |
| Respondent. | ) | |

On August 10, 2008, petitioner was convicted of one count of assault to commit rape, two counts of forcible oral copulation, one count of penetration by a foreign object, and one count of false imprisonment by violence.[1] He was sentenced to state prison for a term of 275 years to life. People v. Scott, 2009 WL 3450270, at *4 (Cal. App. 2009).

Petitioner filed a petition for a writ of habeas corpus in this Court challenging his 2008 conviction, in which he alleged sixteen

---

[1] Petitioner originally was convicted in 1999. That conviction was reversed based upon instructional error. Scott v. Lamarque, Case No. CV 03-2003-GAF (AJW) (relying on Gibson v. Ortiz, 387 F.3d 812 (9th Cir. 2004), overruled on other grounds, Byrd v. Lewis, 566 F.3d 855, 866 (9th Cir. 2009)). He was later retried.

claims for relief. Case No. CV 11-5738-GAF(AJW). On July 21, 2014, judgment was entered denying the petition on the merits. Petitioner's requests for a certificate of appealability were denied both by this Court and by the Ninth Circuit.

The current petition for a writ of habeas corpus, filed on November 13, 2017, again challenges petitioner's 2008 conviction. Specifically, petitioner alleges that he is actually innocent, that the prosecution withheld exculpatory evidence (namely, medical records of the victim), and that trial counsel was ineffective for failing to obtain those medical records. [Docket No. ("Dkt.") 1 at 1-10].

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. See Magwood v. Patterson, 561 U.S. 320, 330-331 (2010); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

The Court lacks jurisdiction to consider this successive petition because petitioner has not obtained leave from the Court of Appeals. Furthermore, to the extent that petitioner might contend that his petition meets an exception to the bar on successive petitions, his argument must first be presented to the Court of Appeals. Accordingly,
///
///
///

the petition is dismissed for lack of jurisdiction.[2]

**It is so ordered.**

Dated: 11.17.17

_____
James V. Selna
United States District Judge

---

[2] A district court may refer a second or successive habeas corpus petition to the Court of Appeals if doing so would serve the interests of justice. Ninth Cir. R. 22-3(a). That step is not necessary in this case. Instead, the Clerk is directed to mail petitioner a copy of the Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.

3